82 F.3d 424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellant/Cross-Appellee,
v.
Melody Rochelle SINGLETON, Defendant/Appellee/Cross-Appellant.
 Nos. 95-30154, 95-30175.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 4, 1996.
Decided April 9, 1996.
 
 Before: FLETCHER, JOHN T. NOONAN, JR., and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The United States appeals the sentence reduction granted by the district court to Melody Rochelle Singleton. The court found that the government denied Singleton a § 5K1.1 downward departure, despite her substantial assistance, because she was black. We have jurisdiction, 18 U.S.C. § 3742(b), and we vacate and remand for resentencing.
 
 
 3
 * On November 7, 1991, the Tacoma police searched the home of Singleton and her boyfriend, Anthony Don Rhodes, and found more than a kilogram of cocaine. Singleton was subsequently interrogated by a Tacoma police officer, two DEA agents, and an Assistant United States Attorney.
 
 
 4
 Singleton plead guilty to maintaining an apartment for the storage of drugs, a federal crime for which she faced at least two years imprisonment. However, the district court found that the government had refused to make a § 5K1.1 motion for downward departure because Singleton was black and sentenced her to probation and residence in a halfway house. On a prior appeal, we vacated this sentence and remanded the case for an evidentiary hearing to determine whether Singleton provided substantial assistance and whether the government discriminated against Singleton.
 
 
 5
 The district court appointed an expert, Dr. Julius Debro, who testified at the evidentiary hearing generally about racism in law enforcement and two months later filed a report concluding that in his opinion Singleton had been the victim of racial discrimination in the treatment she received at the hands of the government. The district court subsequently heard argument from the parties and ruled from the bench. The court found Singleton had furnished substantial assistance and had been the victim of discrimination. He sentenced Singleton to probation and residence in a halfway house. He refused to strike the expert's report from the record.
 
 
 6
 The United States appeals, arguing that the district court's findings are clearly erroneous, that the court abused its discretion by admitting Dr. Debro's report, that the report should be struck from the record, and that the case should be reassigned on remand. Singleton cross-appeals, arguing that the proper remedy was dismissal of the case against her.
 
 II
 
 7
 The district court found that Singleton provided substantial assistance to the government. We review the factual findings underlying a district court's sentencing decisions for clear error. United States v. France, 57 F.3d 865, 866 (9th Cir.1995). The district court's finding of substantial assistance is clearly erroneous.
 
 
 8
 A district court may depart downward from the Sentencing Guidelines upon a motion from the government stating that the defendant provided substantial assistance in the investigation or prosecution of criminal activity. U.S.S.G. § 5K1.1. A district court may depart downward on account of the defendant's substantial assistance without a motion from the government where the government's refusal to file a § 5K1.1 motion is "based on an unconstitutional motive" such as racial discrimination. Wade v. United States, 504 U.S. 181, 185-86 (1992). However, as we explained when we last considered Singleton's sentence, Singleton may have no relief under Wade without proof that she provided substantial assistance. See Memorandum Disposition of June 24, 1994, at 8. Whether assistance is substantial depends in part on its "significance and usefulness" and on its truthfulness, completeness, and reliability." § 5K1.1(a)(1)-(2).
 
 
 9
 We conclude that the record does not support a finding of substantial assistance. Singleton claimed that her supplier was Bernadette Freeman and that her supplier's supplier was Odell Stephens, but the AUSA testified that these assertions were not credible because Singleton repeatedly changed her story and because the police had reliable information that Singleton's boyfriend, Rhodes, in fact supplied Stephens. Singleton gave the first names of two of her purchasers, but no evidence suggests that the police were able to make any use of this or any other information provided by Singleton. Every law enforcement official involved testified that Singleton was dishonest and provided no assistance. In her letter to the court, Singleton, herself, admitted lying to the police.
 
 
 10
 There is also evidence that Singleton failed to disclose all of her own criminal activity. While she admitted only small drug transactions, an informant claimed that Singleton handled Rhodes' large transactions while he was recuperating from surgery. Moreover, while she denied any knowledge of the kilogram of cocaine found in her apartment, Rhodes and another criminal defendant in a related case claimed that Singleton helped Rhodes transport the kilo from California to Tacoma.
 
 III
 
 11
 The government appeals the district court's refusal to strike the report of its expert, Dr. Debro. We review a district court's decision to admit expert testimony for an abuse of discretion. United States v. Rahm, 993 F.2d 1405, 1409-10 (9th Cir.1993). We conclude that the district court abused its discretion by admitting Dr. Debro's report.
 
 
 12
 Expert testimony is admitted only if it will "assist the trier of fact to understand the evidence or to determine the fact in issue...." Fed.R.Evid. 702. Expert testimony is not helpful unless there is a "fit" between the testimony and the issues of the case. Daubert v. Merrell Dow Pharmaceuticals, Inc., --- U.S. ----, ----, 113 S.Ct. 2786, 2795-96 (1993).
 
 
 13
 Dr. Debro's report discussed for the most part the general problem of institutional racism in the criminal justice system, not whether the government in this case discriminated against Singleton. The report lacked any coherent, documented support for any of the generalizations.
 
 
 14
 Second, there was no "fit" between Dr. Debro's observations and the ultimate issue of government discrimination. He observed that the Tacoma police officer is an expert on gangs and his street name is "the Bounty Hunter," but failed to show how this is probative of whether he discriminated against Singleton. Black law enforcement officials (according to Dr. Debro) are harsher on blacks and often acquiesce in the racism of their white peers. However, he provided no support for these statements and no evidence that the DEA agents, both of whom are black, discriminated against Singleton. The AUSA appropriately consulted with one of the DEA agents, but this is no indication that she discriminated against Singleton. Without any justification whatsoever, Debro labelled the concerned government officials as unconscious racists.
 
 
 15
 Third, the report is misleading in part. For example, the report quotes the AUSA's testimony as follows: "we did not look at Melody Singleton as a girlfriend. She was looked at as a charged defendant in drug dealing. But was she a drug dealer? If I had looked at her as a girlfriend, then I would have been sexist." The underlined words, which change the meaning of the quote, are Dr. Debro's and not the AUSA's.
 
 IV
 
 16
 The government also requests that the case be reassigned on remand. We decline. There is nothing that suggests this judge will not follow the mandate of this court.
 
 V
 
 17
 In light of our conclusion that Singleton did not provide substantial assistance to the government, we need not reach her argument that the proper remedy for the unconstitutional denial of a § 5K1.1 motion is dismissal of the case against her.
 
 VI
 
 18
 We vacate the sentence and remand the case with instructions to resentence Singleton under the Sentencing Guidelines without a § 5K1.1 reduction and to strike from the record the report of Dr. Debro.
 
 
 19
 Vacated and remanded.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3